IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RAYMOND A. BUTLER JR., | |
| Plaintiff, | **8:23CV68** |
| vs. | |
| JOHNATHAN ROCKMAN, RICK KELLER, ROD BAUER, JAMES HOLT, and TRINA WELLS, | **MEMORANDUM AND ORDER** |
| Defendants. | |

This matter is before the Court on Plaintiff's Motion Requesting Exemption from PACER Fees, Filing No. 6, and Motion for Extension of Time and to file an Amended Complaint, Filing No. 7. For the reasons stated, the Motions are denied. Plaintiff also filed an Amended Complaint, Filing No. 9, which the Court construes as a motion to amend the Complaint. The Court will grant the motion to amend and the Amended Complaint, Filing No. 9, will be the operative complaint in this action.

### A. Motion for Exemption from PACER Fees

Plaintiff requests an exemption from payment of the Electronic Public Access Fee ("PACER User Fee") prescribed in accordance with 28 U.S.C. § 1914. Plaintiff's motion merely recites that payment of the PACER User Fee constitutes "an unreasonable burden financially" and granting the Motion would promote public access to the information. Filing No. 6 at 1. However, Plaintiff does not offer any facts to demonstrate that an exemption is necessary nor does he indicate what documents or records Plaintiff seeks for which an exemption would be necessary. As the Plaintiff in this matter, Plaintiff is entitled to service of any document filed in this case. Moreover, if Plaintiff were to submit a CM/ECF

NextGen e-filing request and be granted electronic filing access in this case,[1] Plaintiff would be automatically exempted from the PACER User Fee as set forth in NEGenR 1.3(a)(1)(A)(i):

> **(A) Exemptions from PACER User Fees:**
>
> The PACER user fee does not apply to:
>
> (i) official recipients of electronic documents, i.e., parties legally required to receive service or to whom service is directed under the Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure. Official recipients receive the initial electronic copy of a document free to download as they see fit, but if they remotely access the document again, they are charged the standard PACER user fee.

Based on the foregoing, the Court does not find that an exemption is necessary to avoid unreasonable burdens on Plaintiff. Accordingly, Plaintiff's Motion for Exemption from PACER fees will be denied without prejudice to reassertion.

### B. Motion for Extension of Time and to Amend Complaint

Plaintiff filed his Complaint in this case on February 21, 2023. Filing No. 1. Plaintiff filed a Motion for Extension of Time and to file an Amended Complaint on March 20, 2023. Filing No. 7. The Motion seeks to add Defendant "Sienna Francis House" and permit an extension of time for the Civil Rights Division of the Department of Justice to complete its investigation, if needed by the Court. Filing No. 7 at 1. The Motion to Amend did not include a proposed amended complaint. Plaintiff filed an Amended Complaint on April 3, 2023. Filing No. 9. The Amended Complaint now lists Defendant Rick Keller as Richard Keller, adds the titles "Administrator" to Defendants Richard Keller and Rod Bauer, and adds the title "Counselor" to Defendant Jonathan Rockman. The Amended Complaint no

---

[1] However, as explained in the February 21, 2023 Notice acknowledging receipt of Plaintiff's Complaint, prisoners such as Plaintiff "may not use the CM/ECF system." Filing No. 4 at 2.

longer identifies James Holt and Trina Wells as Defendants and does not seek to add "Sienna Francis House" as a Defendant.

The Court will deny Plaintiff's request for an extension because Plaintiff does not identify what deadline would need to be extended and the Court does not require an investigation from the Department of Justice at this time. Moreover, the Court will deny the Motion to Amend, Filing No. 7, as moot because Plaintiff filed an Amended Complaint, Filing No. 9. Although Plaintiff did not attach a copy of his proposed amended complaint to a motion as required by NECivR 15.1, the Court will overlook this deficiency. The Court will construe the Amended Complaint as a motion to amend and will accept the Amended Complaint as the operative pleading in this case. Plaintiff is advised, however, that in the future, he will be expected to follow all rules of procedure, despite his pro se status.

To date, Plaintiff has not paid the initial partial filing fee. The Court will take no action on the Amended Complaint until Plaintiff has paid the initial partial filing fee, as stated in the Court's Memorandum and Order of March 28, 2023. *See* Filing No. 8. Following payment of the initial partial filing fee, the next step in this case will be for the Court to conduct an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate. The Court will conduct this initial review in its normal course of business.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion Requesting Exemption from PACER Fees, Filing No. 6, is denied.

2. Plaintiff's Motion for Extension of Time and to file an Amended Complaint, Filing No. 7, is denied as moot

3. Plaintiff's Amended Complaint, Filing No. 9, is construed as a motion to amend, which is granted.

4. Plaintiff's Amended Complaint, Filing No. 9, shall be the operative complaint and shall supersede the original Complaint filed in this action. The Clerk of Court is directed to update the case caption to list the Defendants as they appear in the Amended Complaint and to terminate James Holt and Trina Wells as parties to this action.

Dated this 6th day of April, 2023.

BY THE COURT:

*Joseph F. Bataillon*

Joseph F. Bataillon
Senior United States District Judge