IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

RAYMOND A. BUTLER JR.,

    Plaintiff,

vs.

JOHNATHAN ROCKMAN, Counselor; RICHARD KELLER, Administrator; and ROD BAUER, Administrator;

    Defendants.

8:23CV68

MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Notice of Appeal and motion for extension. Filing No. 27. Also before the Court is a memorandum from the Clerk of the Court requesting a ruling as to Plaintiff's authorization to proceed in forma pauperis on appeal. Filing No. 28. As explained below, Plaintiff's motion for an extension shall be granted, and he may proceed in forma pauperis ("IFP") on appeal.

## I. MOTION FOR EXTENSION

With his Notice of Appeal, Plaintiff includes a motion requesting an extension of time pursuant to "Rule 4B(4)" of the Federal Rules of Appellate Procedure. Filing No. 27 at 1. Rule 4(b)(4) applies to motions for an extension of time for appeals in a criminal case and is not applicable here. See Fed. R. App. P. 4(b). Liberally construed, Plaintiff seeks an extension of time pursuant to Rule 4(a)(5) of the Federal Rules of Appellate Procedure, which permits a district court to extend the time to file a notice of appeal if a party moves for an extension of time and shows excusable neglect or good cause, provided that the party moves for the extension of time within 30 days of the expiration of

the 30-day period set out in Federal Rule of Appellate Procedure 4(a)(1)(A). Fed. R. App. P. 4(a)(5)(A).

Plaintiff's motion for extension was timely filed on May 16, 2025, and is dated April 15, 2025, with a certificate of service stating it was mailed from FCI Sheridan's mail room on that same date. Filing No. 27. Plaintiff seeks an extension of time to file his appeal because "he is currently 'in transit' and will not have access to adequate legal resources until the new destination is reached." *Id.* at 1. Indeed, a notice of filing of Plaintiff's Notice of Appeal and a letter requesting a copy of Plaintiff's trust account information sent to Plaintiff by the Clerk of the Court were returned to the Court as undeliverable on May 27, 2025. *See* Filing No. 32. A check of the Federal Bureau of Prison's online inmate records also shows that Plaintiff is no longer at FCI-Sheridan but is listed as "not in BOP custody." *See* https://www.bop.gov/inmateloc/ (last visited May 30, 2025).

Upon consideration, the Court finds Plaintiff has shown good cause and will grant Plaintiff's request for an extension of time. Accordingly, Plaintiff's Notice of Appeal received and filed in this Court on May 16, 2025, is deemed timely filed.

## II. AUTHORIZATION TO PROCEED IFP ON APPEAL

Plaintiff was permitted to proceed in forma pauperis in this action on March 28, 2023, Filing No. 8, and he may now proceed in forma pauperis on appeal without further authorization. Fed. R. App. P. 24(a)(3).

The Prison Litigation Reform Act ("PLRA") requires prisoner plaintiffs to pay the full amount of the Court's $605.00 appellate filing fee by making monthly payments to the Court, even if the prisoner is proceeding in forma pauperis. 28 U.S.C. § 1915(b). The PLRA "makes prisoners responsible for their filing fees the moment the prisoner brings a

civil action or files an appeal." *Jackson v. N.P. Dodge Realty Co.*, 173 F. Supp. 2d 951, 952 (D. Neb. 2001) (citing *In re Tyler*, 110 F.3d 528, 529–30 (8th Cir. 1997)). The appellate filing fee is assessed when the district court receives the prisoner's notice of appeal. *Henderson v. Norris*, 129 F.3d 481, 485 (8th Cir. 1997).

Plaintiff must pay an initial partial filing fee in the amount of 20 percent of the greater of Plaintiff's average monthly account balance or average monthly deposits for the six months preceding the filing of the notice of appeal. See 28 U.S.C. § 1915(b)(1). Accordingly, based on the records before the Court, the initial partial filing fee is $4.83, based on average monthly deposits of $24.17. See Filing No. 31.

In addition to the initial partial filing fee, Plaintiff must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the Court as follows:

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). Therefore, after payment in full of the initial partial filing fee, the remaining installments shall be collected pursuant to this procedure.

IT IS THEREFORE ORDERED that:

1. Plaintiff's motion for extension, Filing No. 27, is granted. Plaintiff's Notice of Appeal, Filing No. 27, is deemed timely filed.

2. Plaintiff may proceed on appeal in forma pauperis.

3. Plaintiff shall pay an initial partial filing fee of $4.83 within 30 days unless an enlargement of time is granted in response to a written motion.

4. After payment of the initial partial filing fee, Plaintiff's institution shall collect the additional monthly payments in the manner set forth in 28 U.S.C. § 1915(b)(2), quoted above, and shall forward those installments to the Court.

5. The Clerk's office is directed to send a copy of this order to the appropriate official at Plaintiff's last-known institution at the address the Court has on file.

6. Plaintiff is further directed to update his address with the Court.

Dated this 30th day of May, 2025.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge